CHILDREN
The jurisdiction of the Juvenile Division of the District Court of Comanche County, or any other county within the state extends to any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the respective county. Once a child is properly within the jurisdiction and control of the juvenile court, that court has the authority to deal with said child within the provisions of 10 O.S. 1101 [10-1101] et seq. (1971). Any specific problems of juveniles residing upon the base at Fort Sill or other federal enclaves, must be dealt with through the cooperative efforts of state authorities, the U.S. Attorney and the base commander or respective federal agency controlling said enclave. In the event a juvenile violates federal law, then state and federal jurisdiction is concurrent and absent an overriding federal interest, Congress has expressed its intention that state jurisdiction is paramount and that said child be transferred to the jurisdiction of state courts as provided in 18 U.S.C.A. 5032. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: (1) Does the jurisdiction of the juvenile Division of the District Court of Comanche County, Oklahoma, extend to hear and adjudicate issues of deprived children, children in need of supervision and juvenile delinquents, as described in 10 O.S. 1101 [10-1101] et seq., when said issues arise from incidents which have occurred on the Fort Sill Military Reservation, Comanche County, Oklahoma; and, (2) If such jurisdiction can be obtained, what requirements must be satisfied to acquire it? Title 10 O.S. 1102 [10-1102] (1977), confers jurisdiction to the various district courts and reads in part as follows: "A. Upon the filing of a petition, the district court shall have jurisdiction of any child who is alleged to be delinquent, in need of supervision or deprived, who is found within the county; and of the parent, guardian or legal custodian of said child, regardless of where the parent, guardian or legal custodian is found. When jurisdiction shall have been obtained over a child in need of supervision or a deprived child, it may be retained until the child becomes eighteen (18) years of age and when jurisdiction shall have been obtained over a delinquent child, it may be retained until the child becomes nineteen (19) years of age. For the convenience of the parties and in the interest of justice, a proceeding under this chapter may be transferred to the district court in any other county." Your question deals specifically with juveniles who fall within the terms delinquent child, child in need of supervision or deprived child as defined by the Act when said issues arise from incidents which occur on the Fort Sill Military Reservation, Comanche County, Oklahoma. Military reservations and other federal enclaves within a state remain a geographical part of the city, county and state of which it was a part at the time of acquisition by the United States. First Hardin National Bank vs. Fort Knox National Bank, 361 F.2d 276, (C.A. Ky. 1966). Therefore, Fort Sill or any other federal enclave which was a part of a respective county at the time of acquisition by the federal government, remains a geographical part of said county. Furthermore, 10 O.S. 1102 [10-1102] makes no distinction between juvenile offenses committed on federal enclaves or upon land over which the state retains jurisdiction. It sets forth jurisdictional requirements such as finding the child within the respective county, proper notice and hearing etc., and once met, jurisdiction is properly conferred and may continue until the Child is emancipated. This does not conflict with the exclusiveness of federal jurisdiction over Fort Sill or any other federal enclave since a state may exercise its power over federal areas within its boundaries so long as there is no interference with the jurisdiction asserted by the federal government. Howard vs. Commissioners of The Sinking Fund of The City of Louisville, 344 U.S. 624, 97 L.Ed. 617, 73 S.Ct. 465, (1953). Congress has recognized that matters concerning juveniles are primarily a local community concern and the federal government is not equipped to deal properly with these matters. See N.R. Rep. No. 958, 72nd Cong. 1st Sess. 1 (1932). There is no national legislation preempting a state's interest in neglected juveniles or status offenders residing within federal enclaves. Even in the case of juvenile violations of federal law, Congress has established by the provisions of 18 U.S.C.A., 5032, an intent to subject juveniles to the jurisdiction of state courts if that state has proper jurisdiction over the juvenile, will accept jurisdiction, and has available programs and services adequate for the needs of said juvenile. This philosophy was outlined in the case of State In Interest of D.B.S., N.J., 349 A.2d 105 (1945), wherein a juvenile living within the confines of Fort Dix allegedly broke into and took valuable items from a private residence within the Fort, was found subject to the juvenile jurisdiction of New Jersey courts, notwithstanding that exclusive jurisdiction over the Fort had been ceded to the United States. This case clearly established the concurrent jurisdiction that state courts have over juveniles who commit violations of federal statutes on federal enclaves. It also recognizes and reaffirms the primary duty of the state in assuming jurisdiction over juveniles whose acts or status meets state jurisdictional requirements. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) The jurisdiction of the Juvenile Division of the District Court of Comanche County, or any other county within the state, extends to any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the respective county. Once a child is properly within the jurisdiction and control of the juvenile court, that court has the authority to deal with said child within the provisions of Title 10 O.S. 1971 et seq. (2) Any specific problems of juveniles residing upon the base of Fort Sill or other federal enclaves, must be dealt with through the cooperative efforts of state authorities, the U.S. Attorney and the base commander or respective federal agency controlling said enclave. (3) In the event a juvenile violates federal law, then state and federal jurisdiction is concurrent and absent an overriding federal interest, Congress has expressed its intention that state jurisdiction is paramount and that said child be transferred to the jurisdiction of state courts as provided in 18 U.S.C.A. 5032. (JOHNNY J. AKINS) (ksg)